### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDER MCARTHUR,<br>        Plaintiff, | No. 3:20-cv-1005 (SRU) |
| v. | |
| EBM VINTAGE AND CIVVIES,<br>        Defendant. | |

### ORDER ON MOTION TO DISMISS

Alexander McArthur ("McArthur") filed this action against EBM Vintage and Civvies ("EBM") in 2020, alleging that he was discriminated against on the basis of race by an employee of the store. EBM has moved to dismiss the complaint in its entirety.

For the following reasons, the motion to dismiss is **granted.**

I.   **Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and decide whether it is plausible that the plaintiff has a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The plausibility standard set forth in *Twombly* and *Iqbal* obligates a plaintiff to "provide the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (cleaned up). Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (cleaned up).

## II.     <u>Factual Background</u>

McArthur alleges that, on August 30, 2019, he was on his way to conduct business in the downtown New Haven area. Compl., Doc. No. 1. He stopped at a secondhand store, where a store clerk by the name of "Carol" said to him "I don't want you in my store wearing that shirt. That shirt is dirty." *Id.* By that point, McArthur had already browsed through the store and had come across a "Star Wars" mask. *Id.* McArthur told the store clerk that he would come back later to purchase the mask. *Id.* The clerk asked him to wear a different shirt when he returned, because she did not want him wearing the dirty shirt in her store. *Id.* McArthur told her that he was "picky" when it came to shirts, and that he didn't wear just "any shirts." *Id.* The store clerk offered him a shirt from a rack in the hallway. *Id.* McArthur told the clerk that he didn't wear white shirts.

Later that day, McArthur returned to purchase the Star Wars mask. *Id.* The clerk told him

that she had taken the string out of the mask and put another string on it because she did not like

the way the original string had looked. *Id.* The original string was black. *Id.* The clerk gave him a

ripped white sheet. *Id.*

**III.    Discussion**

McArthur identifies his claims as: (1) "discrimination of racial"; (2) intimidation; and (3)

harassment. *Id.* He cites to Title 42 Chapter 21 of the United States Code with respect to his

discrimination claim, noting that the code prohibits discrimination based on age, disability,

gender, race, national origin, and religion; and to 42 U.S.C. § 3617 with respect to his claim for

intimidation. *Id.*

The defendant has moved for dismissal of the action, claiming that McArthur's complaint

fails to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure and additionally

that the claims are without merit. Def.'s Mem., Doc. No. 16. Opposing the motion to dismiss,

McArthur does not address those arguments, instead claiming only that he has civil rights to be

free from harassment, and that EBM has wrongfully accused him of lying about the incidents in

the complaint. *See* Doc. No. 20.

I agree with EBM that McArthur has failed to set forth a cognizable claim. In particular,

McArthur cites to an entire chapter of the United States Code in his complaint and has failed to

specify which statutory provision was allegedly violated. More importantly, he has set forth no

facts that would support a claim for discrimination on the basis of race but has merely claimed

that the store clerk asked him to change his shirt and replaced the string in his Star Wars mask.

Those facts alone do not demonstrate that the store clerk harbored discriminatory intent against

McArthur or otherwise discriminated against him on the basis of race.

Moreover, although McArthur cites to the provisions of 42 U.S.C. § 3617, that section provides that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided and or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. By its terms, section 3617 "safeguards members of [a] protected class from coercion, intimidation, threats, or interference in the exercise or enjoyment of their Fair Housing Act rights" and additionally "protects third parties…who aid or encourage protected class members in the exercise or enjoyment of their Fair Housing Act rights." *Frazier v. Rominger*, 27 F.3d 828, 833 (2d Cir. 1994). McArthur's complaint involves events that took place at a secondhand store, and he includes no facts in the complaint relating to housing or other real estate-related transactions. Accordingly, McArthur has failed to state a cognizable claim under section 3617.

Finally, it is not clear whether McArthur's harassment claim is brought under federal or state law; his complaint does not reference a state or federal statute. To the extent that McArthur intends to bring a common-law claim for harassment, Connecticut has yet to recognize such a cause of action. *See, e.g., Whitnum v. Robinson,* 2013 WL 2132120, at *3 (Conn. Super. Ct. Apr. 30, 2013); *Crossen v. Diehl*, 2019 Conn. Super. LEXIS 617, at *7 (Super. Ct. Apr. 8, 2019) Although some superior courts have permitted a plaintiff to "plead negligence per se pursuant to Connecticut's criminal harassment statute," *Whitnum*, 2013 WL 2132120 at *3, McArthur alleges only that the store clerk asked him to wear a different shirt when he returned to the store and that she replaced the string in his mask. Those facts are insufficient to demonstrate that McArthur was subjected to harassment.

**IV.**   **Conclusion**

For the foregoing reasons, the motion to dismiss is **granted.** Although a court should ordinarily afford a *pro se* party an opportunity amend his or her pleadings, that is true only when amending would not be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, even a liberal reading of the complaint gives no indication that a valid claim might be stated. *Id*. According, repleading would be futile.


So ordered.

Dated at Bridgeport, Connecticut, this 7th day of March 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge